Filed 1/19/22  P. v. Haven CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093641 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01615) |
| v. | |
| ROBERT HAVEN, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In 2013, a jury found defendant Robert Haven guilty of first degree murder.  (Pen. Code, § 187.)[1]  The jury also found true the special circumstance defendant intentionally killed the victim by means of lying in wait.  (Pen. Code, § 190.2, subd. (a)(15).)  We affirmed the conviction on direct appeal.  (*People v. Haven* (Aug. 28, 2019, C074940) [nonpub. opn.].)

---

[1]  Defendant was also convicted of other crimes not relevant to this appeal.

1

Defendant filed a petition under Penal Code section 1170.95 to have his murder conviction vacated and to be resentenced. The trial court received briefing from the prosecutor and counsel for defendant and denied the petition. Defendant appeals from that order.

DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there were any arguable issues on appeal in accordance with *People v. Wende, supra*, 25 Cal.3d 436. Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postconviction petition is an open question. Our Supreme Court has not spoken on that issue, although the issue is currently pending before it. (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) Arguably, review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California*, is required only in the first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, we described the *Anders*/*Wende* procedure we believed applicable to appeals from postconviction petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues

2

raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Id.* at pp. 112-113.)

Because appellate counsel complied with his obligations, and defendant was advised of his right to file a supplemental brief, but did not do so, we consider defendant's appeal abandoned and order the appeal dismissed.

## DISPOSITION

The appeal is dismissed.

     /s/

RAYE, P. J.

We concur:

     /s/

BLEASE, J.

     /s/

KRAUSE, J.